**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTY CONKLE,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

Defendant-Appellee.

No. 12-6029
(D.C. No. 5:10-CV-01130-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

Christy Conkle appeals a district court order affirming the Commissioner's

denial of disability insurance benefits. Ms. Conkle was successful in challenging a

previous adverse decision from the Commissioner because administrative errors

precluded us from according that decision meaningful appellate review. We

---

[*] After examining the briefs and record, this panel has determined to grant the
parties' request for a decision on the briefs without oral argument. *See* Fed. R. App.
P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir.
R. 32.1.

remanded the case to the agency, and a new administrative law judge ("ALJ")

determined at step five of the five-step sequential evaluation process, *see* 20 C.F.R.

§ 404.1520(a)(4); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining

the five-step process), that Ms. Conkle was severely impaired by osteoarthritis of the

right knee, an affective disorder, and a history of methamphetamine abuse, but these

impairments were not disabling because she retained the residual functional capacity

("RFC") to perform light work subject to certain limitations.  Specifically, the ALJ

restricted her to only occasional crouching, stooping, and bending, and no kneeling

or crawling.  The ALJ also determined that Ms. Conkle could understand, remember,

and carry out simple instructions and relate to supervisors and coworkers for work

purposes, but she could not work with the general public on any more than an

incidental basis.  The appeals council denied review and the district court adopted a

magistrate judge's report and recommendation to uphold the ALJ's decision.

Now back in this court, Ms. Conkle raises four issues that were evaluated and

rejected by the district court's order adopting the magistrate judge's report and

recommendation.  First, Ms. Conkle contends the ALJ denied her a full and fair

hearing on remand because he made statements at the hearing that caused her to

believe she met the criteria of listing 12.04(B), though in his final written decision he

determined she did not satisfy those criteria.[1]  The magistrate judge's report found no

---

[1]      Listing 12.04(B), relating to affective disorders, requires that a claimant
exhibit at least two of the following:  marked restriction of activities of daily living;

(continued)

- 2 -

due process violation because Ms. Conkle had notice of all the issues before the ALJ and an adequate opportunity to develop her disability claim. Perhaps more to the point, the magistrate judge's report recognized that despite the ALJ's statements suggesting that she met the pertinent criteria, those statements did not reflect a final administrative decision because the ALJ asked Ms. Conkle's attorney whether he had anything to add, he replied, "no," and the ALJ concluded by saying he would take the matter under advisement.

Ms. Conkle's second argument was likewise rejected by the magistrate judge's report. She asserted that she met listing 12.04(B), but the magistrate judge disagreed. His report referenced substantial evidence supporting the ALJ's conclusion that she experienced mild rather than marked restrictions in social functioning, observing that the court's role was not to reweigh the evidence. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The magistrate judge's report also recited evidence supporting the ALJ's finding of moderate rather than marked restrictions in maintaining concentration, noting that the presence of some conflicting evidence did not provide a basis for disturbing the ALJ's decision. *See id.* ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." (quotation omitted)).

marked difficulties maintaining social functioning; marked difficulties maintaining concentration, persistence or pace; or repeated episodes of decompensation, each of extended duration. *See* 20 C.F.R., Pt. 404, Subpt. P., App. 1 § 12.04(B).

Nor was the magistrate judge persuaded by Ms. Conkle's third argument that the ALJ incorrectly evaluated the opinion of her psychiatrist, Dr. Jahangir Ghaznavi. In 2009, Dr. Ghaznavi assessed Ms. Conkle's mental functioning as of 2004, finding that she had suffered from moderate to extreme limitations in several areas, including understanding simple instructions, working closely with others, and maintaining concentration. The ALJ discounted this opinion, however, because it was inconsistent with Dr. Ghaznavi's own contemporaneous treatment notes. *See* 20 C.F.R § 404.1527(c)(4); *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) ("Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." (quotation omitted)).

Lastly, the magistrate judge's report rejected Ms. Conkle's fourth argument based on the ALJ's use of the medical-vocational guidelines ("grids"). She claimed her RFC, which allowed for light work limited to simple instructions and no more than incidental work with the public, precluded the ALJ's use of the grids due to her non-exertional impairments. Reiterating the ALJ's rationale, however, the magistrate judge's report explained that Ms. Conkle's non-exertional impairments do not significantly erode the occupational base for light work because the basic mental demands for such unskilled work comport with the limiting effects of her impairments. *See* SSR 85-15 (Program Policy Statement), 1985 WL 56857, at *4 ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple

instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."); 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00(g) (stating that in the category of light work, "the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people)").  Thus, because Ms. Conkle could still perform a substantial majority of light work, the magistrate judge's report concluded that the ALJ appropriately considered the grids in deciding that she was not disabled. *See Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (holding that the grids may be used "whenever the claimant can perform a substantial majority of the work in the designated RFC category").

"We review the Commissioner's decision to determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Keyes-Zachary v. Astrue*, ___ F.3d ___, 2012 WL 4076114, at *2 (10th Cir. Sept. 18, 2012).  We have reviewed the parties' appellate materials, the record on appeal, and the relevant legal authorities, and we agree with the magistrate judge's cogent and well-reasoned analysis.  Accordingly, we AFFIRM the district court's judgment for substantially the same reasons stated by

the magistrate judge in his report and recommendation dated July 11, 2011, which was adopted by the district court's order dated December 7, 2011.

Entered for the Court


Bobby R. Baldock
Circuit Judge